IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LISA MARTÍNEZ FRANCO<br><br>Plaintiff<br><br>v.<br><br>TRIPLE S PROPIEDAD, INC.<br><br>Defendant | CIVIL NO. 14-<br><br>TORT DAMAGES;<br>DIRECT ACTION AGAINST INSURER<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW plaintiff, Lisa Martínez Franco ("Martínez"), through the undersigned legal representation, and very respectfully states, alleges and prays:

### I. NATURE OF THE ACTION AND JURISDICTION

1. This court has jurisdiction to entertain the claims pleaded herein due to the existence of complete diversity of citizenship as required by 28 U.S.C. Sec. 1332(a)(1) because Martínez is a citizen of Kentucky and defendant is a citizen of Puerto Rico.

2. The amount of damages suffered by Martínez exceeds the amount of $75,000.00, exclusive of interest and costs.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391 (a)(2) because all relevant events which give rise to Martínez' claims for relief took place within the Commonwealth of Puerto Rico.

### II. THE PARTIES

4. Martínez is of legal age, single, a citizen of the United States and a resident of Louisville, Kentucky.

1

5.     The defendant, Triple S Propiedad, Inc. ("Triple S" or "defendant"), is an insurance company authorized to do business, incorporated under the laws of and with its principal place of business in the Commonwealth of Puerto Rico.

6.     Triple S has issued policy #PP41068150 in favor of Mr. José González Villamil ("insured" or "defendant's insured").

7.     Policy #PP41068150 covers claims for negligence against the insured, such as the claim for damages alleged by Martínez in the instant complaint.

8.     This is a direct action against Triple S brought pursuant to Articles 20.010 and 20.030 of the Puerto Rico Insurance Code for liability arising as a result of the negligent actions or omissions of its insured.

## II. THE FACTS

9.     Martínez repeats and incorporates each and every preceding allegation as if fully set herein.

10.    She is a 30 year old, petite built, medical doctor who was staying in her parents' home to care for their dogs when the facts alleged in the complaint occurred. She weighs, approximately, 100 pounds.

11.    Martínez resides in Louisville, Kentucky, where she is pursuing a specialty in obstetrics and gynecology at the University of Louisville Hospital.

12.    Her parents' home is located at #1977-A José Fidalgo Street in Urbanización Caldas in San Juan, Puerto Rico.

13.    José González Villamil, is an attorney and one of the neighbors, who resides at 1998 José Fidalgo Street and, at all times relevant herein, was insured by defendant.

14.  González has a dog of the breed "Presa Mallorquín". Dogs of this breed are also known or referred to as "Mallorca Mastiff", "Mallorquín Bulldog", "Ca de Bou", among others.

15.  The Perro de Presa Mallorquín is recognized as a Guard Dog, a Fighting Dog and or a Herding Dog. They are very confident and intelligent, alert and vigilant. They are very brave and are excellent guardians.

16.  Typically they do not bark much and weigh between 60 and 80 pounds.

17.  On Saturday, March 22, 2014, Martínez was taking care of her parents' dogs at their home when she decided to take their small Shih Tzu, named "Zeus", for a walk.

18.  It was, approximately 7:45 p.m. and the sun had already set.

19.  At Urbanización Caldas the houses are well spread apart and in somewhat of a rural setting. Indeed, there are areas where no sidewalks exist and the lighting in the streets is dim.

20.  Martínez went out of her parents' house to walk Zeus around the neighborhood as she had done many times. She had Zeus on a leash.

21.  As Martínez was walking past insured's house, on the opposite side of the street, she was surprised by the Presa Mallorquín who came out of the dark and ran toward her.

22.  The front gate at insured's residence had been left open.

23.  This permitted the Presa Mallorquín to come out and reach Martínez.

24.  In a quick reflex, Martínez pulled Zeus by the leash and him into her arms to protect him.

25.   At the same time, she ran toward a parked vehicle in an attempt to jump on top and put Zeus and herself in a safe place, out of reach of the Presa Mallorquín.

26.  As she got closer to the parked car the Presa Mallorquín caught up with Martínez and jumped on Martínez and started biting her.

27. She struggled to fend off the repeated attacks, while simultaneously yelling for help and attempting to protect Zeus, whom she held in her arms. The Presa Mallorquín was heavy and strong and eventually was able to catch her and repeatedly nail its fangs in Martínez' flesh.

28. Martínez was relentless, but unsuccessful, in her attempt to get rid of the Presa Mallorquín.

29. As Martínez struggled with the Presa Mallorquín, however, the animal was able to grab Zeus by the neck with its jaws.

30. Martínez kept fighting and punching the back of the Presa Mallorquín to get the animal to release Zeus.

31. As the Presa Mallorquín continued to attack and struggle with Martínez, Nilda Cotto who drove by, saw what was happening and started yelling for Martínez to jump into her car.

32. Martínez kept crying for help until, somehow, she managed to take Zeus away from the grasp of the Presa Mallorquín.

33. The Presa Mallorquín attacked and bit Martínez, once again.

34. Two people who were visiting nearby heard Martínez's pleas for help and ran up the street to see what was happening.

35. Together they managed to distract the Presa Mallorquín long enough for Martínez to throw Zeus into Cotto's car and jump in herself.

36. Martínez finally was safe and out of the reach of the Presa Mallorquín, but not before being brutally attacked and bitten all over her body.

37. Throughout the struggle, the Presa Mallorquín was able to stick its teeth six (6) different times while Martínez fought to defend herself.

38. Cotto took Martínez to her parents' house and was then taken by her brother to the Emergency Room at Auxilio Mutuo Hospital, where she was examined and received medical treatment by its medical personnel.

39. Martínez was bitten by the Presa Mallorquín in her left upper arm; left outer thigh; right forearm; and left flank. Some of the bites required sutures while others were left open to drain. Martínez received medication, including antibiotics (*i.e.,* Augmentin) for ten days. Even though she took the entire cycle of antibiotics, some of the wounds became infected.

40. On March 31, 2014, nine (9) days after the attack, Martínez had infected wounds which required the administration of Rocephin, an intravenous medication, to stop the infective process and stop the flow of pus coming out of the wound on her left thigh.

41. Three doses of intravenous Rocephin were required to stop the infection.

42. As a result of the struggle with the attacking Presa Mallorquín, Martínez experienced extreme pain from the bites and the fight with the animal.

43. The pain medication did not effectively eliminate her pain.

44. Significant pain subsisted for approximately two more weeks. The pain manifested itself while Martínez performed routine tasks, such as walking, lifting or pulling.

45. Martínez continues with persistent pain in her wounds. These are sensitive to light touch or pressure.

46. Six months after the attack, Martínez has difficulty when lifting or pulling even moderately heavy objects such as grocery bags with her right arm. She experiences an acute burning pain in her right forearm.

47. The persistent pain has hindered some of her residency training, particularly that which takes place in the operating room and involves surgical retraction and suturing.

48.     As a result of the attack by the Presa Mallorquín on March 22, 2014, Martínez has become increasingly fearful and hesitant when dogs are around.

### III. LIABILITY

49.     Martínez incorporates each and every preceding allegation as if fully set herein.

50.     Defendant's insured, an attorney licensed to practice law in Puerto Rico, notified Triple S of the attack by Presa Mallorquín to Martínez on March 28, 2014.

51.     In his notice of potential claim under insurance policy #PP41068150 to Triple S, he admitted his failure to secure his residence by leaving its front gate open, thus permitting the Presa Mallorquín to get out and attack Martínez.

52.     Insured notified defendant of his owner ship of the Presa Mallorquín and his conviction that he was strictly liable for the attack on Martínez.

53.     Triple S had in full force and effect, insurance policy #PP41068150 in favor of the insured, which covers actions and/or omissions such as those involved in the instant case.

54.     Insurance policy #PP41068150 covers claims for negligence against defendant's insured, such as the claim for damages brought forth herein by Martínez.

55.     Pursuant to Article 1805 of the Puerto Rico Civil Code, Triple S is strictly liable to Martínez for the damages caused by the Presa Mallorquín because he failed to keep his animal under his control by leaving the front gate open.

56.     In the alternative, Triple S is liable to Martínez because its insured was negligent when he left his front gate to his residence open.

57.     The damages suffered by Martínez could be caused by his dog, as is the case, if allowed to roam freely.  Hence, these damages were a foreseeable consequence of defendant's insured's negligence.

58. Triple S is directly liable for all the damages alleged and suffered by Martínez as a result of the strict liability and/or negligence of its insured under Articles 20.010 and 20.030 of the Insurance Code of Puerto Rico and pursuant to Articles 1802, 1803 and 1805 of the Civil Code.

## IV. DAMAGES

59. Martínez repeats and realleges each and every preceding allegation as if fully set herein.

60. As a proximate and adequate result of the insured's negligent conduct, Martínez suffered physical damages and scars and continues to experience pain, suffering and emotional trauma as a result of the virulent attack of which she was a victim on March 22, 2014.

61. These damages are reasonably valued in an amount not less than $325,000.00, for which Triple S is strictly and fully liable.

## V. DEMAND FOR JURY TRIAL

62. Martínez demands that the instant case be tried before a jury.

**WHEREFORE**, Martínez respectfully prays from this Honorable Court that it enter judgment in her favor for not less than $325,000.00, together with reimbursement of costs and an award of reasonable attorney fees.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 1st day of October, 2014.

**GONZÁLEZ MUÑOZ LAW OFFICES, PSC**
P.O. Box 9024055
San Juan, P.R. 00902-4055
Tel: 787-766-5052
Fax: 787-766-5551
polonortepr@gmail.com
jrgmlaw@gmail.com

*s/ Juan Rafael González Muñoz*
JUAN RAFAEL GONZALEZ MUÑOZ
USDC-PR No. 202312

7